(104 So. 344)

**LOUISVILLE & N. R. CO. v. BUNNELL.**
**(6 Div. 599.)**

(Court of Appeals of Alabama. April 21, 1925.)

Carriers &⟷320(24) — General affirmative charge for railroad held warranted in action by passenger for injury from being struck by opening of coach door by flagman.

In action by passenger for injuries from being struck by opening of coach door by flagman while passenger was stooping to pick up suit case, evidence *held* to show that injury resulted from mere accident and was not due to any negligence of railroad company or its servants, and refusal of general affirmative charge for defendant was error.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action for damages by Amanda Bunnell against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

---

&⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Tillman, Bradley & Baldwin, of Birmingham, for appellant.

There was no negligence on the part of defendant's agents in this case, but plaintiff was guilty of contributory negligence. Defendant, was due the affirmative charge. Brineger v. L. & N. (Ky.) 72 S. W. 783; Murphy v. A. & W. P., 89 Ga. 832, 15 S. E. 774; Hines v. Boston El., 198 Mass. 346, 84 N. E. 475; Texas & Pac. v. Overall (Tex.) 18 S. W. 142; Martin v. Mo. Pac., 137 Mo. App. 694, 119 S. W. 444; E. T.; V. & G. v. Green, 95 Ga. 736, 22 S. E. 658; Jackson v. Crilly, 16 Colo. 103, 26 P. 331; Philips v. St. Charles, etc., Co., 106 La. 592, 31 So. 135.

Altman & Taylor, of Birmingham, and Fred G. Koenig, of Columbiana, for appellee.

The question of defendant's negligence was one of fact for the jury. Bayliss' Case, 74 Ala. 151; Montgomery v. Wright, 72 Ala. 411, 47 Am. Rep. 422; Wilson's Case, 85 Ala. 269, 4 So. 701; Mouton v. L. & N., 128 Ala. 546, 29 So. 602; K. C., M. & B. v. Flippo, 138 Ala. 487, 35 So. 457. Plaintiff's conduct cannot be said to be contributory negligence as matter of law. Sweet v. Birmingham Co., 136 Ala. 166, 33 So. 886; Birmingham Co. v. James, 121 Ala. 120, 25 So. 847; B. R., L. & P. Co. v. Harden, 156 Ala. 244, 47 So. 327; Birmingham Co. v. Girod, 164 Ala. 10, 51 So. 242, 137 Am. St. Rep. 17.

RICE, J. Appellee's husband was a car inspector for the Southern Railway Company and requested a pass from Birmingham to White City, Ala., and return for appellee, over appellant's line. The pass was issued to appellee, and she was riding on one of the coaches of appellant's passenger train from White City to Birmingham on May 6, 1923. The accident, here involved, occurred as the train was slowing down for Blount Springs station. Appellee had left her suit case near the front of the coach near the door which afforded the usual means of ingress and egress to and from the coach. She left her seat near the middle of the coach, went to where her suit case was and stooped over to pick it up. In stooping down in that position her head was over against where the door would come if it were opened. The flagman testified he did not see her in such position and he opened the door in the usual manner as if to call the station. Appellee's (plaintiff in the court below) head was struck by the door, as it came open, and she suffered injuries, damages for which this suit was brought, and from verdict and judgment in her favor this appeal is prosecuted by appellant.

The complaint, as it was submitted to the jury, consisted of only one count, which after alleging that plaintiff was a passenger upon the occasion in question riding upon what is known as a pass, charged that her injuries (described) and damages were proximately caused as a result of the negligence of the defendant in this: "Defendant negligently operated said train or car upon which plaintiff was as aforesaid."

The appellant insists that it was entitled to receive the general affirmative charge, duly requested by it in writing, for the reasons that, first, there was no evidence from which the jury could legally infer negligence on the part of the defendant's servant, Morgan, its flagman, who pushed open the door which struck plaintiff. or that, if that is not true, then the evidence shows without conflict that the plaintiff was herself guilty of negligence which contributed to cause her said injuries. We are constrained to hold that appellant's contention is well founded.

The door behind which appellee stooped was the only way of ingress and egress to and from that part of the car. It was used by both passengers and trainmen. At the time of the accident there is nothing to show that the flagman had knowledge of or reason to anticipate the presence of appellee in a stooping position behind the door, or that she would not look out for the opening of said door. The entire testimony fails to show any negligence. Under the facts disclosed by the evidence in this case, it appears to the satisfaction of this court that the injuries received by the plaintiff (appellee) resulted from a mere accident and were not due to any negligence of the railroad company or its servants.

We deem it unnecessary to cite or review any of the authorities from other states quoted from in briefs of counsel filed on this appeal, some of which authorities are similar in facts and principle to this case, for the simple reason that the whole evidence here fails to show the doing or omitting of any act by any agent of the appellant which, under the circumstances disclosed, would render it liable to the plaintiff in damages. For the refusal of the general affirmative charge requested by the appellant (defendant), the judgment is reversed and the cause remanded.

Reversed and remanded.